UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-01915-DOC-SK                    Date: May 14, 2026
Title       Alex Ruiz v. Warden, California Medical Facility


Present: The Honorable: Steve Kim, United States Magistrate Judge

|  Connie Chung  |  n/a  |
| :---: | :---: |
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Petitioner:          Attorneys Present for Respondent:
          None present                                        None present


**Proceedings:**          (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Petitioner is a California state prisoner who seeks federal habeas relief from his 2023 convictions for several child sex crimes.  (ECF 1 at 17).  On appeal, through appointed counsel, petitioner challenged the sufficiency of the evidence for those convictions, but the California Court of Appeal rejected that challenge.  *See People v. Ruiz*, 2024 WL 4879321, at *2 (Cal. Ct. App. Nov. 25, 2024).  Counsel then declined to file a discretionary petition for review to the California Supreme Court because he did not think it would be "viable" after the Court of Appeal's decision affirming petitioner's convictions.  (ECF 1 at 22).  However, counsel still informed petitioner that if he wanted to pursue any claims on federal habeas review, he would first need to "exhaust" those claims by filing a state habeas petition in the California Supreme Court.  (*Id.*).  As it turned out, though, petitioner evidently filed no state habeas petitions in any California state courts.  (ECF 1 at 2-12, 17).

Instead, on April 16, 2026, petitioner filed a federal petition here under 28 U.S.C. § 2254, raising seven claims that that were never presented to the California Supreme Court.  (*Id.* at 17-20).  But as he had been told by his state appellate counsel, a federal court cannot review habeas claims that haven't been exhausted in the California Supreme Court.  *See* 28 U.S.C. § 2254(b)(1)(A); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  What's more, by April 2026, it was 16 months since petitioner's convictions had become final in January 2025—i.e., 40 days after the Court of Appeal had affirmed those convictions and the time to file a petition for review had lapsed.  (ECF 1 at 16, 22); *see* Cal. R. Ct. 8.366(b)(1), 8.500(e)(1); *Waldrip v. Hall,* 548 F.3d 729, 735 (9th Cir. 2008).  As a result, the petition is facially untimely because it was filed more than three months

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-01915-DOC-SK                    Date: May 14, 2026

Title        Alex Ruiz v. Warden, California Medical Facility

after the one-year statute of limitations expired in January 2026.  *See* 28 U.S.C. § 2244(d)(1)(A).  And because petitioner filed no state habeas petitions (as his counsel had advised), petitioner lost any statutory tolling that he might have possibly accrued with properly filed state petitions for postconviction relief.  *See* 28 U.S.C. § 2244(d)(2).

For both these reasons, petitioner is ordered to show cause why his § 2254 petition should not be dismissed for lack of exhaustion and untimeliness.  Contrary to petitioner's view (ECF 1 at 8-9, 13), failure to exhaust cannot be excused by his appellate counsel's decision not to file a petition for review in the California Supreme Court because he has no underlying federal *constitutional* right to appointment of counsel after his first appeal of right in the California Court of Appeal.  *See Smith v. Idaho*, 392 F.3d 350, 356-57 (9th Cir. 2004) ("It is well-established that criminal defendants have no constitutional right to counsel beyond their first appeal as of right, and hence no right to counsel in a discretionary appeal to the State's highest court.") (citing *Ross v. Moffitt*, 417 U.S. 600, 610 (1974)).  And anyway, as explained, his appellate counsel told petitioner how to exhaust by filing a state habeas petition—but petitioner evidently never followed that advice.  What's more, the failure to heed that advice means that the petition is not only unexhausted, but it is also facially untimely absent equitable tolling, which is petitioner's burden to establish.  *See Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012); 28 U.S.C. § 2244(d)(1)(A).  Here again, though, petitioner cannot excuse the petition's untimeliness by blaming his appellate counsel (ECF 1 at 13).  Even if petitioner didn't learn about the Court of Appeal's decision until he received a copy of it from his counsel via letter dated July 16, 2025 (ECF 1 at 22), there were still by then nearly six months left in the limitations period to file a timely federal petition.  Thus, even if any delay in notification by counsel were considered an extraordinary circumstance for equitable tolling purposes (which is unlikely), there appears no reason why petitioner couldn't have filed a habeas petition (even a protective one while he tried to exhaust his habeas claims in the meantime) with the required due diligence on his own.  *See Holland v. Florida*, 560 U.S. 631, 645–46 (2010).

To satisfy this show-cause order, then, petitioner may file a notice of voluntary dismissal by **June 4, 2026** using the attached Form CV-09y.  Failure to file that notice or otherwise respond to this order on time, however, may lead to involuntary dismissal of the petition for failure to prosecute and obey court orders.  *See* Fed. R. Civ. P. 41(b); L.R. 41-1.